FILED IN OPEN COURT
ON ___5/21/24 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-163-FL-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **I N D I C T M E N T** |
| | ) | |
| MARCELO SOTO-LUNA | ) | |

The Grand Jury charges:

### COUNT ONE

On or about August 29, 2020, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did knowingly make under oath, and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application and a document required by the immigration laws and regulations prescribed thereunder, that is, on Part 4, Question 5.d. of his Consideration of Deferred Action for Childhood Arrivals (Form I-821D), in response to the question "Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following: . . . [a]ny kind of sexual contact or relations with any person who was being forced or threatened?" he answered "No" when in fact, as he then knew, he had been engaged and participated in sexual contact and indecent liberties with a child on or about January 1, 2019.

All in violation of Title 18, United States Code, Section 1546(a).

1

## COUNT TWO

On or about August 29, 2020, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, under, by virtue of a law of the United States relating to the registry of aliens, that is, on Part 4, Question 5.d. of his Consideration of Deferred Action for Childhood Arrivals (Form I-821D), in response to the question "Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following: . . . [a]ny kind of sexual contact or relations with any person who was being forced or threatened?" he answered "No" when in fact, as he then knew, he had been engaged and participated in a sex offense with a child on or about January 1, 2019.

All in violation of Title 18, United States Code, Section 1015(a).

## COUNT THREE

On or about August 29, 2020, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did submit a material written application for immigration benefits from the Department of Homeland Security, executed under penalty of perjury under the format of 28 U.S.C. 1746, in which he did willfully and knowingly state a material matter which he did not believe to be true, that is to say:

1. At the time and place aforesaid the Department of Homeland Security did require that applications for Consideration of Deferred Action for Childhood Arrivals (Form I-821D) be in writing and executed in the format provided

2

by 28 U.S.C. 1746. It was material to such application that the applicants state if they had ever participated in any kind of sexual contact or relations with any person who was being forced or threatened.

2. At the time and place aforesaid, MARCELO SOTO-LUNA, submitted a signed written application for Consideration of Deferred Action for Childhood Arrivals (Form I-821D) to the Department of Homeland Security, which contained the following statement: "I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct[.]" Executed on August 29, 2020. Signature "Marcelo Soto Luna." The application signed and submitted by MARCELO SOTO-LUNA did falsely state that he had never participated in any kind of sexual contact or relations with any person who was being forced or threatened.

3. The aforesaid statement in the application signed and submitted by MARCELO SOTO-LUNA, as he then and there well knew and believed, was false in that on or about January 1, 2019 he engaged and participated in a sex offense with a child.

All in violation of Title 18, United States Code, Section 1621.

## COUNT FOUR

On or about June 14, 2022, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did knowingly make under oath, and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with

3

respect to a material fact in an application and a document required by the immigration laws and regulations prescribed thereunder, that is, on Part 4, Question 5.d. of his Consideration of Deferred Action for Childhood Arrivals (Form I-821D), in response to the question "Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following: . . . [a]ny kind of sexual contact or relations with any person who was being forced or threatened?" he answered "No" when in fact, as he then knew, he had been engaged and participated in indecent liberties with a child on or about January 1, 2019.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT FIVE

On or about June 14, 2022, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, under, by virtue of a law of the United States relating to the registry of aliens, that is, on Part 4, Question 5.d. of his Consideration of Deferred Action for Childhood Arrivals (Form I-821D), in response to the question "Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following: . . . [a]ny kind of sexual contact or relations with any person who was being forced or threatened?" he answered "No" when in fact, as he then knew, he had been engaged and participated in sexual contact with a child on or about January 1, 2019.

All in violation of Title 18, United States Code, Section 1015(a).

4

## COUNT SIX

On or about June 14, 2022, in the Eastern District of North Carolina, the defendant, MARCELO SOTO-LUNA, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating on Part 4, Question 5.d. of his Consideration of Deferred Action for Childhood Arrivals (Form I-821D), before United States Citizenship and Immigration Services, in response to the question "Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following: . . . [a]ny kind of sexual contact or relations with any person who was being forced or threatened?" he answered "No" when in fact, as he then knew, he had been engaged and participated in sexual contact with a child on or about January 1, 2019.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 5/21/2024

MICHAEL F. EASLEY, JR.
United States Attorney

BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

5